UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD, | No. 2:20-cv-00853 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES AIR FORCE, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to the undersigned by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

**I.  Screening Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1

1  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

2  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
3  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
4  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
5  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
6  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
7  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
8  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
9  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
12  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
13  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
14  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
15  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

16  The court applies the same rules of construction in determining whether the complaint
17  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
18  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
19  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
20  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
21  (1972).  However, the court need not accept as true conclusory allegations, unreasonable
22  inferences, or unwarranted deductions of fact.  W. Min. Council v. Watt, 643 F.2d 618, 624 (9th
23  Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a
24  claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S.
25  662, 678 (2009).

26  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
27  state a claim to relief that is plausible on its face."  Bell Atlantic Corp., 550 U.S. at 570.  "A claim
28  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

## II.  The Complaint

Plaintiff brings this action in federal court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 7.  Plaintiff's 62-page complaint is difficult to decipher.  It is interspersed with various documents, such as a portion of a complaint brought before the California Department of Fair Employment and Housing.  Id. at 12.  He states he is bringing claims under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments; the Information Privacy Act; Breach of Contact; 5 U.S.C. Chapter 75 Unfair Practices; 5 U.S.C. § 7116 Unfair Labor Practices; 10 U.S.C. Role of Armed Forces; 10 U.S.C. § 1034 Prohibition of Retaliatory Personnel Actions; 10 U.S.C. § 275 Defense Instruction; 10 U.S.C. § 271-255 Chapter 15; 18 U.S.C. Sexual Harassment and Misconduct; 18 U.S.C. § 798 Disclosure of Classified Information; 18 U.S.C. § 1385 Posse Comitatus Act; 29 U.S.C. § 102 Public Policy in Labor Matters; 29 U.S.C. § 178; 29 U.S.C. § 158; 19 U.S.C. §§201-209 Fair Labor Act; 29 U.S.C. § 663 Labor Management Relations.  Id. at 21-25.  Defendant seeks 6.6 million dollars in punitive damages and $16,560.80 in lost wages.  Id. at 27-28.

Plaintiff's complaint references several apparently disconnected events.  For example, plaintiff alleges he was discriminated against on the basis of sexual orientation and gender and was sexually harassed while visiting the Travis Air Force Base visitors center, in violation of the Posse Comitatus Act.  Id. at 31.  Plaintiff also alleges that several defendants violated laws against him as a result of a contract dispute.  Id. at 32.  Plaintiff also alleges violations of law committed against him when he worked on the Air Force base for defendant contractor People Ready.  Id. at 34-36.  Plaintiff alleges that Patrick Beharelle, acting as President of Defendant True Blue Inc., breached his fiduciary duty to plaintiff and violated Title VII of the Civil Rights Act by choosing not to remedy plaintiff's suspension for one year.  Id. at 42.  The complaint does

not contain clear factual statements regarding any discrete event, nor does it explain how the various referenced events are connected.

### III. Analysis

#### 1. Plaintiff's Claims Fail Under Fed. R. Civ. P. 8

The substance of plaintiff's complaint is obscured by the sheer volume of claims and defendants. The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The undersigned has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state facts supporting the elements of the claim plainly and succinctly. Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity acts which defendants engaged in that support plaintiff's claim. Id.

#### 2. Plaintiff Cannot Bring Criminal Causes of Action

Plaintiff is informed that he cannot seek relief under criminal statutes; his claims under Title 18, the criminal code, cannot proceed. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Plaintiff therefore cannot pursue several of the claims presented in the complaint, which are predicated on alleged violations of the criminal code.

#### 3. Plaintiff Improperly Joins Claims and Defendants

Plaintiff's complaint contains numerous, apparently disconnected defendants and events. Plaintiff may join multiple claims in a single lawsuit if they are all against a single defendant. Fed. R. Civ. P. 18(a). He may also join multiple defendants if the claims against them arise from the same transaction, occurrence, or series of transactions or occurrences and there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). In other words, plaintiff can

make as many claims against a single defendant as he wants, but if he wants to bring claims against more than one defendant, the claims against the defendants must be related to each other.

    4.  <u>Plaintiff Can Not State a Claim under the Posse Comitatus Act</u>

> Posse comitatus (literally 'power of the country') ["PCA"] was defined at common law as all those over the age of 15 upon whom a sheriff could call for assistance in preventing any type of civil disorder. <u>See</u> H.R.Rep. No. 97–71, pt. 2, at 4 (1981) (citing 1 William Blackstone, Commentaries 343–44). In 1878, Congress codified a prohibition on the use of the military in civilian law enforcement activities by enacting the PCA. <u>See</u> Act of June 18, 1878, ch. 263, 20 Stat. 152 (1878) (current version at 18 U.S.C. § 1385).

<u>United States v. Dreyer</u>, 804 F.3d 1266, 1272 (9th Cir. 2015). "The PCA is a criminal statute. It does not authorize a civil cause of action." <u>Panagacos v. Towery</u>, 782 F. Supp. 2d 1183, 1190 (W.D. Wash. 2011), <u>aff'd,</u> 501 F. App'x 620 (9th Cir. 2012). Because there is no civil cause of action available under the PCA, plaintiff's PCA claim cannot move forward.

    5.  <u>Plaintiff Does Not a Title VII Claim</u>

  The complaint does not allege sufficient facts to support a Title VII claim of sex discrimination or harassment. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin." <u>See</u> 42 U.S.C. § 2000e-2(a). To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must show that he (1) is a member of a protected class; (2) was qualified for and was performing his job satisfactorily; (3) experienced an adverse employment action; and that (4) similarly situated persons outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. <u>Hawn v. Exec. Jet Mgmt., Inc.</u>, 615 F.3d 1151, 1156 (9th Cir. 2010).

  As relevant to plaintiff's potential sexual harassment claim, the creation of a "hostile work environment" through harassment is another form of prohibited discrimination under Title VII. <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 78 (1998); <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 64–65 (1986). "A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job

performance of those harassed." Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000). "To prevail on a hostile workplace claim premised on...sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a...sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004), as amended (Jan. 2, 2004), as amended (Jan. 2, 2004). "The working environment must both subjectively and objectively be perceived as abusive." Brooks, 229 F.3d at 923–24 (noting frequency, severity, and level of interference with work performance as factors "particularly relevant to the inquiry").

Plaintiff's vague, conclusory, and extremely limited allegations do not state a claim for relief under Title VII. In order to state a Title VII claim that is suitable to proceed, plaintiff must state facts supporting the above elements of a claim.

6. Plaintiff Does Not State a Claim for Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty, a plaintiff must allege facts showing: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). In California, some employees may owe a fiduciary duty to their employer: "[a]s long as the officer has some discretion in managing the corporation, he or she is a fiduciary of the organization. But a nominal officer with no management control is not a fiduciary of the organization." Nat'l Union Fire Ins. Co. of Pittsburgh PA, v. Shores, No. 1:19-cv-01113-NONE-SAB, 2020 WL 2937801, at *6 (E.D. Cal. June 3, 2020) (internal citations omitted). The court is unaware of any law that holds the reverse: that an employer has any kind of general fiduciary duty to an employee. Plaintiff's alleges that his former employer breached a fiduciary duty owed to him, but he does not provide any facts explaining why a fiduciary duty was owed, or exactly how the duty was breached. Thus, the complaint provides insufficient facts to state a fiduciary duty claim.

7. Amendment

For the reasons explained above, the complaint is subject to summary dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. Rather than

6

recommend dismissal of the action, however, the undersigned will grant plaintiff leave to amend his complaint.

If plaintiff chooses to amend, he must set forth the jurisdictional grounds upon which the court's jurisdiction depends, and set forth his facts and causes of action plainly and clearly in numbered paragraphs. Fed. R. Civ. P. 8(a). Plaintiff must separately state each legal claim, and provide factual support for each claim, including who did what, and how that action violated the law. Plaintiff should only bring causes of action that are related to one another, as described above.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is informed that if an amended complaint contains claims based on criminal statutes or on the Posse Comitatus Act, the undersigned will recommend that those claims be dismissed with prejudice. These claims cannot be cured by amendment. Claims under Title VII or any state law theory of relief, including breach of fiduciary duty, must include factual allegations that demonstrate each element of each defendant's liability. Only claims that are properly joined will be allowed to proceed.

### IV.  Pro Se Plaintiff's Summary

Your complaint cannot be served because it does not give facts supporting any legal claims, and it makes some claims that cannot be brought. You cannot bring any criminal causes of action or a cause of action under the Posse Comitatus Act. In order to move forward with your other claims, you need to provide an amended complaint with clear facts to support each claim, including who did what, and how that action violated the law. Your amended complaint should only bring claims that are related to one another. You are being given a 30 days to amend your complaint. If you do not do so within 30 days, this case will be dismissed.

**V. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is found on screening not to state any claim on which relief may be granted; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 16, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE