1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRODERICK WARFIELD,                    No.  2:20-cv-00853 KJM AC PS

12              Plaintiff,

13        v.                                ORDER

14   UNITED STATES AIR FORCE, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to the undersigned

19   by Local Rule 302(c)(21).  Plaintiff was granted leave to proceed in forma pauperis, and his

20   initial complaint was found unsuitable for service.  ECF No. 3.  Now before the court for

21   screening is plaintiff's First Amended Complaint (FAC).

22                          **I.  Screening Standard**

23        The federal IFP statute requires federal courts to dismiss a case if the action is legally

24   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

26   Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

27   the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

28   The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

2        Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

3  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

4  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

5  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

6  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

7  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

8  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

9  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

12  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

13  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

14  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

15  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

16        The court applies the same rules of construction in determining whether the complaint

17  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

18  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

19  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

20  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

21  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

22  inferences, or unwarranted deductions of fact.  W. Min. Council v. Watt, 643 F.2d 618, 624 (9th

23  Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a

24  claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S.

25  662, 678 (2009).

26        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

27  state a claim to relief that is plausible on its face."  Bell Atlantic Corp., 550 U.S. at 570.  "A claim

28  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1   reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S.

2   at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

3   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

4   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

5   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

6   ## II.   The Complaint

7       Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at

8   7.  The FAC, like the initial complaint, is difficult to decipher.  Indeed, it appears to be

9   substantially similar to plaintiff's initial complaint, with some reordering and removing of pages.

10  Compare, ECF No. 1 and ECF No. 4.  Plaintiff states he is bringing claims under the First,

11  Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments; the Information Privacy Act; Breach

12  of Contact; 5 U.S.C. Chapter 75 Unfair Practices; 5 U.S.C. § 7116 Unfair Labor Practices; 10

13  U.S.C. Role of Armed Forces; 10 U.S.C. § 1034 Prohibition of Retaliatory Personnel Actions; 10

14  U.S.C. § 275 Defense Instruction; 10 U.S.C. § 271-255 Chapter 15; 18 U.S.C. Sexual Harassment

15  and Misconduct; 18 U.S.C. § 798 Disclosure of Classified Information; 18 U.S.C. § 1385 Posse

16  Comitatus Act; 29 U.S.C. § 102 Public Policy in Labor Matters; 29 U.S.C. § 178; 29 U.S.C. §

17  158; 19 U.S.C. §§201-209 Fair Labor Act; 29 U.S.C. § 663 Labor Management Relations.  ECF

18  No. 4 at 14-20.  Defendant seeks $12.2 million in damages, $6.6 million in punitive damages,

19  $16,560.18 in lost wages, and the dishonorable discharge of military defendants.  Id. at 29-30.

20      As to defendant Military Police Kirkland, plaintiff alleges Kirkland violated the Military

21  Police Professional Code of Conduct and the "National Security Defense Act R.S.C. 1985" by

22  making a statement and remark to plaintiff's employer, People Ready manager Rob Frye, about

23  plaintiff being an individual who has sex with minors and is a pedophile. ECF No. 4 at 21.

24      As to defendant Rob Frye, who plaintiff identifies as the "Caucasian manager" of People

25  Ready, Trueblue Inc., plaintiff alleges discrimination on the basis of "origin," retaliation, and

26  breach of contract, along with "other federal laws of violation."  Id. at 22.

27      As to defendant "Mrs. Hayward Trueblue" plaintiff alleges a violation of Title VII of the

28  Civil Rights Act of 1964 and violation of the National Labor Relations Act by choosing not to

3

1    remedy plaintiff's suspension complaint submitted to Human Resources. <u>Id.</u> at 24.

2        As to defendant USAF Lieutenant Bringearu of the United States Air Force 60th Air

3    Mobility Squadron, plaintiff alleges involvement in this case by "Army Regulation AR 360."

4    Lieutenant Bringearu allegedly made available to plaintiff electronic mail addresses of the

5    military government at Travis Air Force Base, to which plaintiff could forward the complaints

6    regarding the abridged contract with People Ready and the United States Government. <u>Id.</u> at 24.

7                         **III.   Analysis**

8       1.  <u>Plaintiff's Claims Fail Under Fed. R. Civ. P. 8</u>

9        The substance of plaintiff's FAC is obscured by the sheer volume of claims, most of

10    which do not appear to connect to the identified defendants.  The court finds the allegations in

11    plaintiff's complaint so vague and conclusory that it is unable to determine whether the current

12    action is frivolous or fails to state a claim for relief.  The undersigned has determined that the

13    complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

14    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

15    and state facts supporting the elements of the claim plainly and succinctly.  <u>Jones v. Cmty.</u>

16    <u>Redevelopment Agency of City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

17    must allege with at least some degree of particularity acts which defendants engaged in that

18    support plaintiff's claim. <u>Id.</u>  Further, plaintiff must include claims against each defendant.  Here,

19    plaintiff only submits facts as to defendants Kirkland, Frye, and Hayward.  The facts associated

20    with defendant Bringearu do not appear connected to any legal claim.

21       2.  <u>Plaintiff Cannot Bring Criminal Causes of Action</u>

22        Plaintiff is again informed that he cannot seek relief under criminal statutes; his claims

23    under Title 18, the criminal code, cannot proceed.  "Criminal proceedings, unlike private civil

24    proceedings, are public acts initiated and controlled by the Executive Branch."  <u>Clinton v. Jones</u>,

25    520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any

26    private right of action and cannot support a civil lawsuit.  <u>See</u> <u>Aldabe v. Aldabe</u>, 616 F.2d 1089,

27    1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  Plaintiff therefore

28    cannot pursue several of the claims presented in the complaint, which are predicated on alleged

1   violations of the criminal code.  Though plaintiff no longer appears to allege criminal causes of

2   action against particular defendants, he continues to maintain them as causes of action in the

3   FAC.  ECF No. 4 at 19.

4          3.  Plaintiff Does Not State a Title VII Claim

5          The complaint does not allege sufficient facts to support a Title VII claim of sex

6   discrimination or harassment, or national origin discrimination.  Title VII of the Civil Rights Act

7   of 1964, 42 U.S.C. § 2000e, *et seq*. prohibits employers from discriminating against employees

8   on the basis of "race, color, religion, sex, or national origin."  See 42 U.S.C. § 2000e-2(a).  To

9   establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must

10  show that he (1) is a member of a protected class; (2) was qualified for and was performing his

11  job satisfactorily; (3) experienced an adverse employment action; and that (4) similarly situated

12  persons outside his protected class were treated more favorably, or other circumstances

13  surrounding the adverse employment action give rise to an inference of discrimination.  Hawn v.

14  Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010).

15         If plaintiff is attempting to bring a sexual harassment claim, the creation of a "hostile

16  work environment" through harassment is another form of prohibited discrimination under Title

17  VII.  Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998); Meritor Sav. Bank, FSB

18  v. Vinson, 477 U.S. 57, 64–65 (1986).  "A hostile work environment claim involves a workplace

19  atmosphere so discriminatory and abusive that it unreasonably interferes with the job

20  performance of those harassed."  Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).

21  "To prevail on a hostile workplace claim premised on...sex, a plaintiff must show: (1) that he was

22  subjected to verbal or physical conduct of a...sexual nature; (2) that the conduct was unwelcome;

23  and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the

24  plaintiff's employment and create an abusive work environment."  Vasquez v. Cty. of Los

25  Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004), as amended (Jan. 2,

26  2004), as amended (Jan. 2, 2004).  "The working environment must both subjectively and

27  objectively be perceived as abusive."  Brooks, 229 F.3d at 923–24 (noting frequency, severity,

28  and level of interference with work performance as factors "particularly relevant to the inquiry").

1    Plaintiff only expressly alleges a Title VII claim against human resources professional

2    "Mrs. Hayward," for failing to remedy his complaint regarding a suspension.  ECF No. 4 at 24.

3    This allegation fails to satisfy any of the requirements described above.  Even if the court

4    assumed that plaintiff intended to bring a Title VII claim against the other defendants, none of

5    plaintiff's allegations satisfy the elements of a Title VII claim.  Accordingly, the FAC does not

6    state a Title VII claim.

7         4.  Breach of Military Codes of Ethics and Military Law are Not Properly Brought

8         First, the violation of an internal organizational code of ethics is not a cause of action and

9    cannot be heard in this court.  Second, the "National Security Defense Act R.S.C. 1985," which

10   defendant Kirkland is alleged to have violated, appears to be Canadian law inapplicable here.

11   Third, to the extent plaintiff attempts to bring claims pursuant to the Uniform Code of Military

12   Justice (claims under Title 10), that code generally applies to persons who are members of the

13   armed forces, not to private citizens or non-military government actors.  See 10 U.S.C. § 802.

14   Plaintiff has not alleged how the Uniform Code of Military Justice applies here.  To the extent

15   plaintiff still intends to bring claims under the Posse Comitatus Act, the court reminds him that

16   "The PCA is a criminal statute. It does not authorize a civil cause of action."  Panagacos v.

17   Towery, 782 F. Supp. 2d 1183, 1190 (W.D. Wash. 2011), aff'd, 501 F. App'x 620 (9th Cir. 2012).

18   Because there is no civil cause of action available under the PCA, plaintiff's PCA claim cannot

19   move forward.  Because the Title 10 and PCA claims are not referenced in his actual allegations

20   against the defendants, it may have been plaintiff's intention to drop these claims.  However, to

21   do so, plaintiff should remove reference to them from his complaint entirely.

22        5.  Amendment

23        For the reasons explained above, the FAC is subject to summary dismissal under 28

24   U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  Rather than

25   recommend dismissal of the action at this time, the undersigned will grant plaintiff a final

26   opportunity to amend his complaint.

27        If plaintiff chooses to amend, he must set forth the facts upon which the court's

28   jurisdiction depends, and set forth his facts and causes of action plainly and clearly in numbered

6

paragraphs.  Fed. R. Civ. P. 8(a).  Plaintiff must separately state each legal claim, and provide factual support for each claim, including who did what, and how that action violated the law. Plaintiff should only bring causes of action that are related to one another, and should allege specific facts and legal claims against each defendant.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is informed that if the second amended complaint contains claims based on criminal statutes or on the Posse Comitatus Act, the undersigned will recommend that those claims be dismissed with prejudice.  These claims cannot be cured by amendment.  Claims under Title VII or any state law theory of relief must include factual allegations that demonstrate each element of each defendant's liability.  Only claims that are properly joined will be allowed to proceed.

### IV.  Pro Se Plaintiff's Summary

Your amended complaint cannot be served because it does not give facts supporting any legal claims, and it makes some claims that cannot be brought.  You cannot bring any criminal causes of action, a cause of action under the Posse Comitatus Act, or a cause of action based on an organization's internal code of ethics.  You need to provide more facts about your Title VII claim.  In order to move forward with this and any other claims, you need to provide a second amended complaint with clear facts to support each claim, including who did what, and how that action violated the law.  Your second amended complaint should only bring claims that are related to one another.  You are being given a 30 days to amend your complaint.  If you do not do so within 30 days, this case will be dismissed.

////

////

7

1     **V.  Conclusion**

2         In accordance with the above, IT IS HEREBY ORDERED that:

3         1.  Plaintiff's First Amended Complaint (ECF No. 4) is found on screening not to state

4     any claim on which relief may be granted; and

5         2.  Plaintiff is granted thirty days from the date of service of this order to file a Second

6     Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure,

7     and the Local Rules of Practice; the amended complaint must bear the docket number assigned

8     this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and

9     two copies of the  amended complaint; failure to file an amended complaint in accordance with

10    this order will result in a recommendation that this action be dismissed.

11    DATED: July 8, 2020

12

13    ALLISON CLAIRE
      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28