1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRODERICK J. WARFIELD,                    No.  2:20-cv-00853 KJM AC PS

12                 Plaintiff,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14   UNITED STATES AIR FORCE, et al.,

15                 Defendants.

16

17         Plaintiff is proceeding pro se, and this action accordingly was referred to the undersigned

18   by Local Rule 302(c)(21).  Plaintiff was granted leave to proceed in forma pauperis, and his

19   initial complaint was found unsuitable for service.  ECF No. 3.  Plaintiff filed a First Amended

20   Complaint, which was also found unsuitable for service.  ECF Nos. 4, 5.  Now before the court is

21   plaintiff's Second Amended Complaint ("SAC").  Because the court finds this complaint also to

22   be unsuitable for service, the undersigned recommends that the complaint be dismissed without

23   further leave to amend.

24                              **I.  Screening Standard**

25         The federal IFP statute requires federal courts to dismiss a case if the action is legally

26   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

28   Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

                                           1

1  the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

4  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

5  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

6  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

7  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

8          The court applies the same rules of construction in determining whether the complaint

9  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

10  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

11  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

12  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

13  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

14  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

15  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

16  to state a claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal,

17  556 U.S. 662, 678 (2009).

18          To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

19  state a claim to relief that is plausible on its face."  Bell Atlantic Corp., 550 U.S. at 570.  "A claim

20  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S.

22  at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

24  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

25  stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

26                          **II.  The Second Amended Complaint**

27          Plaintiff bring this case under Title VII of the Civil Rights Act of 1964.  ECF No. 6 at 25.

28  In a form portion of the SAC, plaintiff checks boxes indicating that the discriminatory conduct of

2

which he complains includes failure to promote, unequal terms and conditions of employment, retaliation, and slander. <u>Id.</u> at 5. Plaintiff alleges that discriminatory acts occurred on May 20, 2019 and are still being committed against him. <u>Id.</u> He checks boxes indicating that he is being discriminated against on the basis of race, color, gender/sex, and national origin. <u>Id.</u> Plaintiff alleges his administrative remedies were exhausted on February 3, 2020 and that he was issued a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). <u>Id.</u> at 6.

Plaintiff also attaches a copy of his EEOC complaint dated May 29, 2019. <u>Id.</u> at 8-12. In it, plaintiff alleges that on May 21, 2019, he was "harassed because of [his] sexual harassment-hostile work environment, criminal history." <u>Id.</u> at 9. This EEOC document was attached to the initial complaint (ECF No. 1 at 12-16) and the First Amended Complaint (ECF No. 4 at 7-11). In this document, plaintiff alleges that he was discriminated against because of "sexual harassment-hostile environment, criminal history, and as a result of the discrimination was reprimanded, suspended, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation." ECF No. 6 at 9. Further, he alleges he experienced retaliation in that he "reported or resisted any form of discrimination or harassment and as a result was laid off, denied hire or promotion, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, other." <u>Id.</u> Plaintiff alleges that on May 20, 2019, an officer named Kirkland accused him, falsely, of having sex with a minor. <u>Id.</u> Further, plaintiff alleges that he arrived for a job on May 21, 2019 and informed his supervisor, Rob Frye, that he was ill and would stay for the four-hour minimum rather than the full time for the job, at which point he was cursed at in front of the other employees. <u>Id.</u> a 10.

Plaintiff seeks 18 million dollars in damages. <u>Id.</u> at 15. He includes a page at the end of the various attachments to his complaint listing bases for federal question jurisdiction other than Title VII, including the Information Privacy Act, Breach of Contract, 5 U.S.C. Ch. 75 adverse actions, and 5 U.S.C. § 7116 unfair labor practices, the First, Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments to the Constitution, provisions of the U.S. Criminal Code (Title 18), and several provisions of the Labor Code (Title 29). <u>Id.</u> at 17. No facts accompany this list of

statutes and constitutional amendments.

### III.  Analysis

A.  Liability Under Title VII of the Civil Rights Act

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin."  See 42 U.S.C. § 2000e-2(a).  To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must show that he (1) is a member of a protected class; (2) was qualified for and was performing his job satisfactorily; (3) experienced an adverse employment action; and that (4) similarly situated persons outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010).

The creation of a "hostile work environment" through harassment is another form of prohibited discrimination under Title VII.  Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64–65 (1986).  "A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed."  Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).  "To prevail on a hostile workplace claim premised on...sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a...sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment."  Vasquez v. Ctyi of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004), as amended (Jan. 2, 2004), as amended (Jan. 2, 2004).  "The working environment must both subjectively and objectively be perceived as abusive."  Brooks, 229 F.3d at 923–24 (noting frequency, severity, and level of interference with work performance as factors "particularly relevant to the inquiry").

B.  Plaintiff Fails to State a Claim for Relief Under Title VII

The SAC does not allege facts that support the elements of any cognizable Title VII claim.

4

1    While plaintiff has checked boxes in the form section of his complaint indicating that he

2    experienced both discrimination and harassment, the SAC does not allege specific facts that

3    demonstrate sex discrimination or harassment, or race or national origin discrimination.

4    Plaintiff's conclusory allegations, as he has been repeatedly informed, are insufficient to state a

5    claim.  See Western Mining Council, 643 F.2d at 624.  The SAC does not provide a

6    comprehensible narrative of the employment dispute giving rise to this lawsuit, nor clearly

7    identify any particular adverse action, facts demonstrating discriminatory intent, or conduct

8    amounting to harassment.  The attachments to the complaint do not elucidate matters.

9         Plaintiff has previously been informed of the pleading standard established by Rule 8 of

10   the Federal Rules of Civil Procedure, and of the elements of a Title VII claim.  See ECF Nos. 3,

11   5.  The SAC nonetheless fails to give fair notice to defendants of the nature of the claim(s), and

12   fails to plainly and succinctly state facts supporting the elements of the claim(s), as the rules

13   require.  See Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646,

14   649 (9th Cir. 1984).  The court is no clearer now than upon reading the original complaint about

15   what happened between plaintiff and defendant, and what precise actions by which actors are

16   alleged to have been discriminatory in violation of Title VII.  The SAC also fails to provide

17   factual allegations that address the other elements of liability under Title VII that are set forth

18   above and in prior screening orders.  In sum, plaintiff has not alleged facts sufficient to satisfy the

19   facial plausibility standard.  See Bell Atlantic Corp., 550 U.S. at 570; Ashcroft, 556 U.S. at 678.

20   Accordingly, the SAC lacks an arguable basis in law and in fact, and is therefore subject to

21   dismissal for failure to state a claim.  See Neitzke, 490 U.S. at 325.

22        C.  Plaintiff Cannot Pursue Claims Predicated on the Criminal Code

23        Despite having been informed that he cannot base civil causes of action directly on the

24   Criminal Code, plaintiff has persisted in his attempt to do so.  See ECF No. 6 at 19.  "Criminal

25   proceedings, unlike private civil proceedings, are public acts initiated and controlled by the

26   Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the

27   United States Code does not establish any private right of action and cannot support a civil

28   lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide

5

1   no basis for civil liability).

2         D.   Further Leave to Amend Would Be Futile

3         For the reasons explained above, the SAC is subject to summary dismissal under 28

4   U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  Ordinarily, pro

5   se plaintiffs are given the opportunity to amend a deficient complaint.  Noll, 809 F.2d at 144.  In

6   this case, plaintiff has twice had the opportunity to amend.  Despite being given guidance from

7   the court regarding elements of claims and presentation of facts, plaintiff submitted a Second

8   Amended Complaint that fails to cure several fundamental deficiencies of the original and First

9   Amended Complaint.  In light of the circumstances of this case, it is clear to the undersigned that

10  further leave to amend would be futile.  Accordingly, the undersigned recommends dismissal

11  without further leave to amend.

12                           **IV.   Conclusion**

13        For the reasons explained above, the undersigned recommends that the Second Amended

14  Complaint (ECF No. 6) be DISMISSED with prejudice.

15        These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

17  after being served with these findings and recommendations, plaintiff may file written objections

18  with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document

19  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

20  to file objections within the specified time may waive the right to appeal the District Court's

21  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

22  1156-57 (9th Cir. 1991).

23  DATED: August 11, 2020

24                                 _____

25                                 ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

26

27

28

                                          6